IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES T. SMITH,                )
                               )
            Petitioner,        )
                               )
vs.                            )   CIVIL NO. 09-717-GPM
                               )
WILLIAM A. SHERROD,            )
                               )
            Respondent.        )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner James T. Smith, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Smith is not entitled to relief, and the petition must be dismissed.

### PROCEDURAL BACKGROUND

In 1997, Smith was convicted of bank robbery and sentenced to 210 months imprisonment. *United States v. Smith*, Case No. 96-cr-76-C-1 (W.D. Wisc., filed Oct. 23, 1996), *aff'd* 131 F.3d 685 (7th Cir. 1997). He subsequently filed numerous challenges to his conviction and sentence pursuant

to 28 U.S.C. § 2255 and other statutory provisions, to no avail. His most recent effort in Wisconsin was yet another motion to modify his sentence under 18 U.S.C. § 3582(c)(2). In that motion, Smith relied upon *United States v. Booker*, 543 U.S. 220 (2005). District Judge Adelman found that *Booker* was inapplicable and that Smith had not cited to any retroactively applicable guideline amendment that would reduce his sentence. Accordingly, the motion was denied. *Smith, supra* (Doc. 109, entered May 21, 2008). Unable to obtain relief in the Western District of Wisconsin, Smith then filed the instant action in this District.

### CLAIMS PRESENTED

Smith presents four separate claims in this action, none of which is particularly clear. He first asserts that he was "sentenced on factor not decided by a petit jury, nor facts indicted upon by the grand jury." Next, Smith states that he secured a judgment under the Uniform Commercial Code, and that there has been an unlawful conversion of his private property. Third, he asserts fraud in that he was a "non-named party" to the criminal charges, thus resulting in false imprisonment. Finally, Smith asserts that Title 18 of the United States Code (Public Law 80-772) was not properly enacted.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner generally is limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991); *see also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255."). Essentially, this action is an

effort to challenge the validity of Smith's conviction and sentence, which is, in substance, a collateral attack on a conviction that must be pursued under 28 U.S.C. § 2255. *See United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005).

Where it is clear that Smith already has filed at least one collateral attack on his conviction, the Court is required to construe the instant motion as a second or successive collateral attack. *Lloyd*, 398 F.3d at 980. Because Smith has not shown that he has been granted leave to file such a successive collateral attack, the Court has no choice but to dismiss this action; this Court has no jurisdiction to consider the claims presented. *See* 28 U.S.C. § 2255, ¶ 8; *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). If Smith wishes to attack his federal sentence, he must file a motion to vacate, set aside or correct sentence in the federal court which entered judgment, but only after he has obtained leave to file from the appropriate court of appeals. *See* 28 U.S.C. § 2255.

### DISPOSITION

Because this Court is not the federal court which entered judgment against Smith, this Court has no jurisdiction to address the merits of the instant petition. Accordingly, this action is **DISMISSED** for lack of jurisdiction, and all pending motions are **MOOT**.

**IT IS SO ORDERED.**

DATED: 05/05/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge