IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES T. SMITH, | ) |
| | ) |
|          Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-717-GPM |
| | ) |
| WILLIAM A. SHERROD, | ) |
| | ) |
|          Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This action is before the Court on Petitioner's motion for reconsideration (Doc. 10). Technically, such a motion does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 28 days of the entry of judgment, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006). When the substance and the label of the post-judgment motion are not in accord, district courts are directed to evaluate it "based on the reasons expressed by the movant." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008), *quoting Jennings v. Rivers,* 394 F.3d 850, 855 (10th Cir. 2005).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a

movant shows that there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).  By contrast, Rule 60(b) provides relief from judgment for "mistake, inadvertence, surprise, or excusable neglect."  FED. R. CIV. P. 60(b)(1).

In this motion, Petitioner challenges the Court's legal analysis of his claims, and thus his motion must be considered under Rule 59(e).  Petitioner essentially reiterates the claims presented in his initial habeas corpus petition, arguing that this Court does have jurisdiction to consider his claims under 28 U.S.C. § 2241.  Petitioner is incorrect and, upon review of the record, the Court remains convinced of the propriety of its ruling dismissing the case pursuant to Rule 4 of the Rules Governing Section 2254 Cases in District Courts, which applies to this § 2241 petition under Rule 1(b).  Therefore, the instant motion is **DENIED**.

**IT IS SO ORDERED.**

DATED:  10/13/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge